Sedgwick, J.
The action was not upon an account and the complaint did not allege any account (Sec. 531, Code Civil Pro.) The plaintiffs were not bound, therefore, by this section to give particulars upon the mere demand of defendant’s attorney. They did, however, yield to a demand made that they “serve a copy of the account or claim for goods sold and delivered set forth in the complaint herein,” and served upon the defendant’s attorney something that has the appearance of a bill given by a merchant to a customer, but containing only charges of money as due at specified dates. There is nothing to show whether or not this is a copy of anything. On receiving this, defendant’s attorney took an order to show cause why plaintiffs should not give a further bill of particulars specifying thereon the number of each piece of goods sold to the firm of Lowry & Brown. The court ordered that such a bill be given, and from this order this appeal is taken. If the validity of the order depended upon whether, if the first bill served was one that could not properly be demanded, there could be a further bill ordered on the ground of defendant’s absolute right to it, there might be ground for doubt. Substantially, however, after the plaintiffs had voluntarily *340 furnished what they did furnish, it was a question for the discretion of the court whether further particulars should be given, for under the last sentence of the section specified, the court may in any case direct a bill of the particulars of the claim of either party to be delivered to the adverse party. The matter that shows that the court exercised, discretion properly is that it appearing that the plaintiffs had procured an order for the particulars of the defendant’s claim for a recoupment on account of the bad condition of some of the goods averred by the complaint, to have been'sold, the present order was a facility, for the defendant’s making his bill of particulars, that the plaintiffs should give.
Order affirmed, with ten dollars costs and disbursements to be taxed.